DECISION AND JUDGMENT ENTRY
This matter is before the court on appeal from a judgment of the Huron Municipal Court which awarded damages as a result of its finding that a contractor committed unfair consumer sales practices.
The following facts are relevant to this appeal. On November 7, 1995, appellant, Erie Shore Builders, Inc., entered into a contract with appellees, Donald and Connie Leimbach, to construct a second floor addition to appellees' home. The contract price was $57,784. It is undisputed that this amount has been paid in full. There was additional work performed and appellees tendered a check for $2,500 for said work. Appellant commenced the action on November 6, 1996, to recover the $2,012 balance allegedly owed.
On December 5, 1996, appellees filed an answer and a counterclaim. The counterclaim alleges that Erie Shore engaged in deceptive acts and practices in that "several of the sections of 1345.02 and 1345.03 as well as sections of the Ohio Administrative Code were violated[.]" Specifically, appellees claim that appellant damaged certain landscaping, cut down a tree without their permission, removed the existing electrical service and improperly installed a new service, negligently installed a bathroom drain, and improperly reconstructed a chimney.
On July 30, 1997, the matter proceeded to a bench trial.[1] On January 27, 1998, the trial court issued its judgment entry in which it found that appellant engaged in specific violations of R.C. 1345.02, R.C. 1345.03, and Ohio Adm. Code 109:4-3-05. The trial court found that appellant failed to complete the construction in a workmanlike manner, failed to comply with statutory requirements for an increase in the original contract price and, thus, wrongfully collected $2,500 from appellees and wrongfully commenced a lawsuit for the balance. The trial court awarded appellees treble damages and attorney fees.
Appellant filed an appeal from this judgment, but it was voluntarily dismissed because the judgment was not final and appealable in that the trial court had failed to file a judgment entry granting appellees' motion for a directed verdict which was orally granted at trial. On November 4, 1999, the trial court filed a judgment entry on the directed verdict and this appeal timely followed.
Appellant now raises the following assignments of error:
"ASSIGNMENT OF ERROR I
 "THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN RULING THAT PLAINTIFF/APPELLANTS ENGAGED IN SPECIFIC VIOLATIONS OF R.C. § 1345.02 AND § 1345.03 FOR FAILURE TO COMPLY WITH THE REQUIREMENTS FOR AN INCREASE IN THE PRICE.
"ASSIGNMENT OF ERROR II
 "THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN RULING THAT PLAINTIFF/APPELLANTS, ERIE SHORE BUILDERS, INC., ENGAGED IN SPECIFIC VIOLATIONS OF R.C. § 1345.02
AND § 1345.03 FOR FAILURE TO WORK IN A WORKMANLIKE MANNER.
"ASSIGNMENT OF ERROR III
 "THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN RULING THAT THE PLAINTIFF/APPELLANT, ERIE SHORE BUILDERS, INC., VIOLATED OAC 109:4-3-05.
"ASSIGNMENT OF ERROR IV
 "THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY AWARDING EXCESSIVE DAMAGES
"ASSIGNMENT OF ERROR V
 "THE TRIAL COURT ERRED IN AWARDING THE DEFENDANT/APPELLANT, [SIC.] LEIMBACH'S, ATTORNEY FEES."
Appellant's first and second assignments of error argue that the trial court erred in determining that appellant violated R.C. 1345.02 and 1345.03 by failing to comply with the price increase requirements and by failing to complete the work in a workmanlike manner. In appellant's third assignment of error, it disputes the trial court's finding that appellant violated Ohio Adm. Code 109:4-3-05.
R.C. Chapter 1345 prohibits a supplier from engaging in a consumer transaction when the conduct of the supplier is "unfair or deceptive," or "unconscionable," as provided in R.C. 1345.02 and 1345.32, respectively. If the supplier has committed an unfair or deceptive act, treble damages and attorney fees may be awarded under R.C. 1345.09.
R.C. 1345.02(B) provides a nonexhaustive list of ten specific examples of when a supplier has committed an "unfair or deceptive act or practice." A violation of this section does not require that the deception be knowing or intentional.
Conversely, R.C. 1345.03(B) which prohibits "unconscionable" acts, requires that the supplier has knowingly taken advantage of the consumer. This provision enumerates seven specific examples of "unconscionable" acts.
In addition to the specific examples listed in R.C. 1345.02(B) and 1345.03(B), R.C. 1345.05(B)(2) grants the attorney general the authority to adopt "substantive rules defining with reasonable specificity acts or practices that violate sections R.C. 1345.02 and 1345.03 of the Revised Code." Pursuant to this section, the attorney general has promulgated regulations which are set forth in the Ohio Administrative Code.
Relevant to the instant case, Ohio Adm. Code 109:4-3-05 requires that prior to commencement of a repair or service at a consumer's residence where the anticipated cost exceeds $25, a supplier must orally inform the consumer of the consumer's right to receive a written or oral estimate.
In appellant's first assignment of error, it argues that R.C. 1345.02
and 1345.03 were not violated because appellees received and approved an oral estimate for additional work they requested be performed on the house.
In finding that R.C. Chapter 1345 had been violated, the trial court did not specifically enumerate which portion of Ohio Adm. Code 109:4-3-05
it based the violation upon; however, the section provides, in relevant part:
 "(A) It shall be a deceptive act or practice in connection with a consumer transaction involving the performance of either repairs or any service where the anticipated cost exceeds twenty-five dollars and there has been face to face contact between the consumer or his representative and the supplier or his representative, prior to the commencement of the repair or service for a supplier to:
 "(1) Fail, at the time of the initial face to face contact and prior to the commencement of any repair or service, to provide the consumer with a form which indicates the date, the identity of the supplier, the consumer's name and telephone number, the reasonably anticipated completion date and, if requested by the consumer, the anticipated cost of the repair or service. The form shall also clearly and conspicuously contain the following disclosures in substantially the following language:
"`ESTIMATE
 YOU HAVE THE RIGHT TO AN ESTIMATE IF THE EXPECTED COST OF THE REPAIRS OR SERVICES WILL BE MORE THAN TWENTY-FIVE DOLLARS. INITIAL YOUR CHOICE:
____ written estimate
____ oral estimate
____ no estimate'"
Appellant, by stating that the additional work was performed following only an oral estimate, admits that it did not follow the above regulations. Further, appellant has not demonstrated that its violation of the regulation resulted from a bona fide error. See R.C. 1345.11. Accordingly, appellees were entitled to damages pursuant to R.C. 1345.09.
Appellant's first assignment of error is not well-taken.
In its second assignment of error, appellant argues that the trial court erred in finding that appellant engaged in violations of R.C. 1345.02
and 1345.03 for failure to work in a workmanlike manner. Based upon the testimony and exhibits presented at trial which depicted the tree that was removed, the shrubs which were damaged, and the water damage caused by a leak in the bathroom installed by appellant, we cannot say that the trial court erred in finding that appellant violated R.C. 1345.02 and 1345.03. Accordingly, appellant's second assignment of error is not well-taken.
Appellant's third assignment of error argues that the trial court erred in finding that appellant violated Ohio Adm. Code 109:4-3-05. Based upon our disposition of appellant's first assignment of error, we find appellant's third assignment of error not well-taken.
In appellant's fourth assignment of error, it is argued that the trial court awarded excessive damages. We agree.
R.C. 1345.09 provides the monetary relief available to aggrieved consumers. The statute provides, in part:
 "For a violation of Chapter 1345. of the Revised Code, a consumer has a cause of action and is entitled to relief as follows:
 "(A) Where the violation was an act prohibited by section 1345.02 or 1345.03 of the Revised Code, the consumer may, in an individual action, rescind the transaction or recover his damages.
 "(B) Where the violation was an act or practice declared to be deceptive or unconscionable by rule adopted under division (B)(2) of section 1345.05 of the Revised Code before the consumer transaction on which the action is based, or an act or practice determined by a court of this state to violate section 1345.02 or 1345.03 of the Revised Code and committed after the decision containing the determination has been made available for public inspection under division (A)(3) of section 1345.05 of the Revised Code, the consumer may rescind the transaction or recover, but not in a class action, three times the amount of his actual damages or two hundred dollars, whichever is greater, or recover damages or other appropriate relief in a class action under Civil Rule 23, as amended.
 "(C) In any action for rescission, revocation of the consumer transaction must occur within a reasonable time after the consumer discovers or should have discovered the ground for it and before any substantial change in condition of the subject of the consumer transaction."
Upon review of the record in the instant case, we note that the trial court awarded treble damages in the amount of $7,500. The court based this amount on the $2,500 payment for the additional work performed.
During the bench trial on this matter, Connie Leimbach testified that she sent appellant the check for $2,500 for extra work performed. Thus, we find that the trial court erred when it determined that appellees incurred actual damages in the amount of $2,500. See R.C. 1345.09(B). Further, during trial appellees presented absolutely no documentation as to the cost to replace or repair any of the damages alleged. As such, we find that appellees are entitled only to the minimum statutory award of $200. Id.; Moyer Excavating Trucking v. Lewis (Nov. 16, 1984), Huron App. No. H-84-11, unreported. Appellant's fourth assignment of error is well-taken.
Appellant's fifth and final assignment of error challenges the trial court's award of attorney fees to appellees pursuant to R.C. 1345.09(F). Based upon our review of the record and our findings set forth above, we find that the trial court did not err when it awarded attorney fees to appellees. Appellees fifth assignment of error is not well-taken.
On consideration whereof, we find that substantial justice was not done the party complaining, and the judgment of the Huron Municipal Court is affirmed in part and reversed in part. Pursuant to App.R. 12(B), we find that appellees are entitled to an award of $200 on its counterclaim. The case is remanded for execution of judgment. Court costs of this appeal are assessed to appellees.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Peter M. Handwork, J.
Richard W. Knepper, J. and Mark L. Pietrykowski, P.J. CONCUR.
[1] The transcript, however, was inaudible and unable to be transcribed. The parties did prepare and submit to this court an agreed statement of the evidence, pursuant to App.R. 9(D), which was signed by the trial judge.